# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATUL K. AMIN FAMILY LIMITED PARTNERSHIP, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:20-cv-04161-JMG |
| | : | |
| STEWARD EASTON HOSPITAL, INC., *et al.,* | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

**GALLAGHER, J.**  May 19, 2021

On July 17, 2020, Plaintiff Atul K. Amin Family Limited Partnership filed a complaint in the Court of Common Pleas, Northampton County. Plaintiff, the owner of a medical office building, alleged that its tenants, Defendants Steward Easton Hospital, Inc., Steward Health Care System, LLC, and Steward Medical Group, Inc., owe rent for a nine-month negotiation period that preceded the parties' execution of a written lease agreement.

Defendants removed the action to this Court on August 24, 2020, and subsequently moved for judgment on the pleadings. They contend that Plaintiff's breach of contract and promissory estoppel claims are barred by the parol evidence rule. Indeed, the executed lease agreement makes no mention of Defendants' prior obligation to pay rent, and it contains an expansive integration clause that purports to foreclose the possibility of any additional agreements or promises between the parties. We agree that the parol evidence rule applies here and therefore grant Defendants' motion.

**I.    BACKGROUND**

Plaintiff owns a medical office building in Easton, Pennsylvania. Compl. ¶ 6, ECF No. 1

[hereinafter "Compl."]. In early 2018, Defendants purchased a medical practice that was renting Suite 203 in Plaintiff's building. *Id.* ¶¶ 7–8. Around the same time, Defendants approached one of Plaintiff's representatives to assume the Suite 203 lease and to lease the neighboring space, Suite 204. *Id.* ¶¶ 8–9. Discussions ensued for months; between April 2018 and January 2019, Defendants continued to request information about Suites 203 and 204 while Plaintiff, in reliance on Defendants' representations, did not lease the properties to a third party. *Id.* ¶¶ 10–11. Defendants promised to pay the monthly rent and associated costs during this negotiation period, even though the parties had not memorialized their agreement in writing. *Id.* ¶¶ 24, 28.

On or about January 31, 2019, Plaintiff and Defendants finally completed their negotiations. *Id.* ¶ 12. Under the executed written agreement (the "Lease Agreement"), Defendants leased Suites 203 and 204 for $13,566.66 per month. *Id.* ¶¶ 13–14. The Lease Agreement also contained the following integration clause:

> 29. <u>ENTIRE AGREEMENT</u>. This Lease and any exhibits attached hereto and forming a part hereof set forth all of the covenants, promises, agreements, conditions, and understanding between Lessor and Lessee concerning the Leased Premises, and there are no covenants, promises, agreements, conditions, or understandings, either oral or written, between the parties other than as are herein set forth. No subsequent alteration, amendment, change or addition to this Lease shall be binding upon either Lessor or Lessee unless the same is reduced to writing and executed by Lessor and Lessee.

Answer Ex. A 17, ECF No. 2-1.

Plaintiff now brings this action to recover unpaid rent and associated costs from April 2018 to January 2019, the period before execution of the Lease Agreement. Compl. ¶ 20. Plaintiff has made repeated demands for payment, all to no avail. *Id.* ¶ 19.

## II.  STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Judgment on the pleadings will not be

granted unless "the movant clearly establishes that no material issue of fact remains . . . and that he is entitled to judgment as a matter of law." *Havassy v. Mercedes-Benz Fin. Servs. USA, LLC*, 432 F. Supp. 3d 543, 545 (E.D. Pa. 2020) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). In evaluating the motion, courts review the pleadings, exhibits attached to the pleadings, matters of public record, and "undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents." *Id.* (quoting *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010)).

Motions for judgment on the pleadings share the same standard of review as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017). We therefore "accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

To survive the motion, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). To that end, a plaintiff cannot rely on mere "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545.

In total, our analysis includes three steps. We first note "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). We then

3

"identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, we assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION[1]

#### A. Breach of Contract

To state a claim for breach of contract under Pennsylvania law, a plaintiff must allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). Plaintiff alleges that Defendants orally promised to pay rent for Suite 204 between April 2018 and January 2019. Compl. ¶¶ 23–24, 28. Defendants allegedly breached this contract by failing to pay any rent for that period. *Id.* ¶ 25.

Defendants argue that this oral agreement is superseded by the Lease Agreement, which contains an integration clause. *See, e.g.*, Defs.' Mot. 8, ECF No. 6-2. Plaintiff responds that the Lease Agreement is separate from the oral agreement that was breached by Defendants. Pl.'s Opp'n 4, ECF No. 7-1. Plaintiff's claim depends on oral representations that the parties exchanged before entering the written Lease Agreement, so it necessarily turns on application of the parol evidence rule.

---

[1] The parties apparently agree that Pennsylvania law governs this dispute. *See* Defs.' Mot. 5, ECF No. 6-2; Pl.'s Opp'n 5, ECF No. 7-1. Indeed, the Lease Agreement provides that "all questions regarding its validity, interpretation, or construction shall be construed in accordance with" Pennsylvania law. Answer Ex. A 17, ECF No. 2-1; *see also Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 56 (3d Cir. 1994) ("Pennsylvania courts will only ignore a contractual choice of law provision if that provision conflicts with strong public policy interests.").

4

"Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract." *Bonilla v. City of Allentown*, 359 F. Supp. 3d 281, 298 n.18 (E.D. Pa. 2019) (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436–37 (Pa. 2004)). First, we ask whether the writing at issue is "integrated," meaning it "represents the 'entire contract between the parties.'" *Claremont Apartments v. Principal Com. Funding II*, No. 09-6138, 2010 WL 2364305, at *6 (E.D. Pa. June 8, 2010) (quoting *Yocca*, 854 A.2d at 436). This is a question of law for courts to decide. *Id.* A writing is the parties' entire contract "if it appears to be a contract complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the [parties'] engagement." *Marano v. Fulton Bank, N.A.*, No. 812 MDA 2016, 2017 WL 1242793, at *3 (Pa. Super. Ct. Apr. 4, 2017) (quoting *Gianni v. Russell & Co.*, 126 A. 791, 792 (Pa. 1924)). While not dispositive, an integration clause "which states that a writing is meant to represent the parties' entire agreement is . . . a clear sign that the writing is meant to be just that and thereby expresses all of the parties' negotiations, conversations, and agreements made prior to its execution." *Am. Diabetes Ass'n v. Friskney Fam. Tr., LLC*, 177 F. Supp. 3d 855, 872 (E.D. Pa. 2016) (quoting *Yocca*, 854 A.2d at 436).

If we conclude that the parties have entered an integrated agreement, the parol evidence rule is triggered, and "all prior negotiations and agreements in regard to the same subject matter, whether oral or written, are excluded from consideration." *Claremont*, 2010 WL 2364305, at *6 (quoting *Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 233 (3d Cir. 2001)). "Courts have taken a rather relaxed view of the same subject matter requirement." *Lipman Brothers, Inc. v.*

*Apprise Software, Inc.*, No. 13-4439, 2015 WL 4476983, at *5 (E.D. Pa. July 22, 2015) (internal quotation marks and citation omitted). The touchstone is whether the prior agreement is "so interrelated" with the integrated agreement that "both would be executed at the same time and in the same contract." *Deutsch v. Wells Fargo Bank, N.A.*, No. 13-3914, 2015 WL 3833226, at *4 (E.D. Pa. June 22, 2015) (quoting *Mellon Bank Corp. v. First Union Real Est. Equity & Mortg. Invs.*, 951 F.2d 1399, 1406 (3d Cir. 1991)). A prior agreement that concerns a different subject matter than the integrated agreement is "entirely separate" and is not barred by the parol evidence rule. *See, e.g.*, *AscellaHealth, LLC v. CRx Health Servs., LLC*, No. 14-5949, 2015 WL 1573395, at *3 (E.D. Pa. Apr. 9, 2015) ("A separate oral agreement may exist . . . only if it concerns a subject matter different than the written agreement." (internal citation omitted)); *Techinomics, Inc. v. Forest Power & Energy Holding, Inc.*, No. 2:16-1859, 2017 U.S. Dist. LEXIS 72874, at *14 (W.D. Pa. May 11, 2017) (recognizing that prior representations share the "same subject matter" as the integrated agreement if they "relate to subjects that were specifically addressed in the written contract" (quoting *Palermo Gelato, LLC v. Pino Gelato, Inc.*, No. 2:12-cv-00931, 2013 WL 31747312, at *5 (W.D. Pa. June 19, 2013))).

Defendants first contend that the Lease Agreement "constitutes the 'final and complete expression of the parties' intent.'" Defs.' Mot. 5, ECF No. 6-2 (quoting *Yocca*, 854 A.2d at 497–98). We agree, and find that the Lease Agreement is fully integrated. Crucially, it contains an integration clause that sets forth the parties' entire understanding concerning Suites 203 and 204. It indicates that "there are no covenants, promises, agreements, conditions, or understandings, either oral or written, between the parties other than" those set forth in the Lease Agreement. Answer Ex. A 17, ECF No. 2-1. Such an integration clause "make[s] the parol evidence rule

6

clearly applicable." *Mellon Bank*, 951 F.2d at 1406 n.6 (citing *McGuire v. Schneider, Inc.*, 534 A.2d 115, 117 (Pa. Super. Ct. 1987)).

Plaintiff does not dispute the authenticity of the Lease Agreement. *See* Pl.'s Opp'n 4, ECF No. 7-1. Instead, it insists that the parol evidence rule is inapplicable because the "oral agreement . . . from April 2018 through January 2019" is separate from the Lease Agreement. *Id.*

This argument does not pass muster. First, it contradicts the Lease Agreement, which exclusively "set[s] forth all of the covenants, promises, agreements, conditions, and understanding between [Plaintiff] and [Defendants] concerning the Leased Premises," Suites 203 and 204. Answer Ex. A 17, ECF No. 2-1. This expansive integration clause "excludes the possibility of any enforceable prior oral agreements relative to the [p]roperty." *Alphonse Hotel Corp. v. Tran*, No. 13 Civ. 7859(DLC), 2014 WL 3801230, at *7 (S.D.N.Y. Aug. 1, 2014) (internal quotation marks omitted) (applying Pennsylvania law). Second, both the alleged oral agreement and the Lease Agreement concern the same subject matter: the terms governing Defendants' lease of Suites 203 and 204. This overlap in subject matter distinguishes this case from others where a plaintiff successfully alleged breach of a prior oral agreement that was separate from a subsequent, integrated one. *See, e.g.*, *Pilallis v. Elec. Data Sys. Corp.*, No. 97-5662, 1998 U.S. Dist. LEXIS 5934, at *9 (E.D. Pa. Apr. 28, 1998) (parol evidence rule did not bar evidence of an oral agreement concerning "a subject which [was] *not* specifically dealt with in the written agreement"); *Brinich v. Jencka*, 757 A.2d 388, 401 (Pa. Super. Ct. 2000) (despite integration clause in construction contract, parol evidence rule did not bar claim based on an oral agreement for services that fell outside its scope).

"[W]here the parol evidence rule will bar the admission of statements necessary to establish a contract or tort claim, a court may properly grant a motion to dismiss." *Batoff v. Charbonneau*, 130 F. Supp. 3d 957, 966 (E.D. Pa. 2015) (internal quotation marks and citation omitted); *see also Yocca*, 854 A.2d at 438 ("Having determined that the . . . Agreement was the parties' whole contract and cannot be supplemented by the parties' previous negotiations or agreements . . . we agree with the trial court's consideration that Appellees' breach of contract claims must be dismissed."). Here, application of the parol evidence rule means that "prior negotiations and agreements in regard to the same subject matter," Defendants' leasing of Suites 203 and 204, "are excluded from consideration." *Claremont*, 2010 WL 2364305, at *6 (quoting *Martin*, 240 F.3d at 233). Accordingly, we will grant Defendants' motion and dismiss Plaintiff's claim for breach of contract.

B.  **Promissory Estoppel**

"Promissory estoppel is an equitable doctrine that may be invoked to enforce a promise that one party makes to another even in the absence of an enforceable agreement between the parties." *Bull Int'l, Inc. v. MTD Consumer Grp., Inc.*, 654 F. App'x 80, 100 (3d Cir. 2016) (citing *Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2000)). To state a claim for promissory estoppel under Pennsylvania law, a party must allege that "(1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise." *Id.* (quoting *Crouse*, 745 A.2d at 610).

Plaintiff claims that it reasonably relied on Defendants' promise to pay rent between April 2018 and January 2019. Compl. ¶¶ 28–29. As a result, Plaintiff "did not pursue other

8

potential tenants or lease agreements for Suite 204" during that period, and it "incurred opportunity costs in the nature of lost rents."  *Id.* ¶¶ 29, 31.

Having found that the parties entered an integrated agreement governing the lease of Suites 203 and 204, it necessarily follows that Plaintiff cannot maintain its promissory estoppel claim.  "Pennsylvania law does not allow relief for a claim of promissory estoppel when it contradicts, modifies, or supplements an enforceable contract."  *Power v. Erie Fam. Life Ins. Co.*, 392 F. Supp. 3d 587, 592 (E.D. Pa. 2019) (citing *Carlson v. Arnot-Ogden Mem'l Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990)); *see also Kump v. State Farm Fire & Cas. Co.*, No. 3:12-CV-72, 2012 WL 1123897, at *3 (M.D. Pa. Apr. 4, 2012) (internal citation omitted) ("[W]here an enforceable contract exists, courts have found that applying the doctrine of promissory estoppel would be inappropriate.").  Because the parties have entered a valid, express contract concerning Suites 203 and 204, Plaintiff's promissory estoppel claim must be dismissed.  *See, e.g.*, *W. Chester Univ. Found. v. MetLife Ins. Co. of Conn.*, 259 F. Supp. 3d 211, 223 (E.D. Pa. 2017) (dismissing promissory estoppel claim where "valid contracts exist between Plaintiff and Defendant"); *Domino's Pizza LLC v. Deak*, No. 3:05-456, 2007 WL 916896, at *6 (W.D. Pa. Mar. 23, 2007) ("If courts permitted promissory estoppel claims based on representations made during the negotiations for integrated contracts, then there would be little point in enforcing a rule that 'protects a completely integrated written contract from being varied or contradicted by extraneous evidence.'" (quoting *Peerless Wall & Window Coverings, Inc. v. Synchronics, Inc.*, 85 F. Supp. 2d 519, 530 (W.D. Pa. 2000))).  Indeed, even though Plaintiff premises its claim on oral representations made before the execution of the Lease Agreement, those representations are not sufficiently "separate and distinct from the substance" of the Lease Agreement to support a promissory estoppel claim.  *See, e.g.*, *W. Chester*, 259 F. Supp. 3d at 223 ("[I]f this Court were to

find that the promises upon which Plaintiff based its claim for promissory estoppel were separate and distinct from the substance of the contract, Pennsylvania law would not preclude Plaintiff's claim." (citing *Ne. Power Co. v. Balcke-Durr, Inc.*, 1999 WL 674332, at *1 (E.D. Pa. Aug. 20, 1999))).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings is granted. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge
